GARCÍA, PETITIONER, *v.* CÓRDOVA, DISTRICT JUDGE, RESPONDENT (MÉNDEZ, INTERVENOR).

PETITION for a Writ of Certiorari to the District Court of San Juan, Section 1, in an Action of Debt.

No. 170.—Decided March 7, 1917.

APPEAL FROM MUNICIPAL COURT—CIVIL ACTION—COSTS—FILING FEE.—The tariff of fees fixed by section 2 of Act No. 17 of 1915, regulating the collection of fees and costs in civil cases in the district and municipal courts, does not require the payment of any fee for the filing of a record brought

up from a municipal court to a district court for the purpose of an appeal to the latter from a judgment of the former.

ID.—ID.—ID.—DOCKETING FEE.—For entering a civil case proceeding from a municipal court on the docket of a district court and setting the same for trial, it is necessary to pay the fee of five dollars fixed by section 2 of Act No. 17 of 1915, and it is the practice that said fee be paid by the party who asks that the case be docketed and set for trial.

ID.—ID.—ID.—DEFAULT OF APPELLANT.—The way in which a plaintiff-appellee may terminate his action in the district court when after the record is filed the defendant-appellant takes no further steps, is to have it docketed and set for trial by paying the necessary fee and prove his allegations again, whether the defendant-appellant appears or not. If he proves them and the costs are allowed him, he may collect them from the defeated party, the defendant-appellant.

The facts are stated in the opinion.

*Mr. E. H. F. Dottin* for the petitioner.

The respondent did not appear.

*Mr. A. Marín Marién* for the intervenor.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Pedro García, by his attorney, petitioned this court for a writ of certiorari directed to the judge of the District Court of San Juan, Section 1, because of his refusal to dismiss the appeal taken by the defendant in an action of debt brought by the said petitioner against Alejandro Méndez in the Municipal Court of San Juan. The writ was issued and we have before us the original record of the said action.

On August 21, 1916, the appeal was taken and on September 11, following, the secretary of the municipal court sent up the record to the secretary of the district court, who filed the same under No. 9074. The appellant took no further action in the appeal, and the appellee, petitioner García, contends that as the appellant failed to pay the five dollars required by law for entering the case on the calendar, the district court should have dismissed the appeal in accordance with the jurisprudence laid down by this court in the cases of *Cividanes* v. *López Acosta*, 22 P. R. R. 74, and *Lorenzo Isern & Co.* v. *Cuevas Zequeira*, 24 P. R. R. 257. The petitioner alleged that he moved the district court to dismiss the appeal and his motion was overruled, for which reason,

as he could not appeal from that ruling of the court, he petitioned for the writ of certiorari as stated.

The cases cited by the petitioner are not pertinent to this case, because the decisions therein were based on a schedule which required the payment of certain fees for filing the record sent up by a municipal to a district court for the purposes of an appeal to the latter from a judgment of the former. The said fees were not paid and the appeals were not filed in the district court.

Act No. 17 of 1915, regulating the collection of fees and costs in civil cases in the district and municipal courts, was subsequently enacted by the Legislative Assembly of Porto Rico.. Section 2 of the said act establishes a schedule of the fees to be paid to the secretaries. One of its items is as follows: "H. For each notice of appeal from a municipal to a district court, $2." The required amount of two dollars was paid by the appellant herein, and, as stated, the record was sent up to the district court and duly filed therein. The schedule does not require that any fee shall be paid for the filing, and, in our opinion, the new act has been correctly construed to mean that the record should be filed in the books of the district court as soon as it is received there.

The schedule makes no express provision as to the fees that are to be paid in connection with the prosecution of appeals in the district courts. As the cases are tried *de novo,* it has been the practice to collect the same fees in cases appealed from municipal courts as are required by the schedule in original actions prosecuted in the district courts, so the plaintiff is required to pay five dollars, the defendant five, and another five dollars must be paid for entering a case on the calendar and setting the same for trial. The said fees are paid by affixing revenue stamps to the first pleading filed. In this case the petitioner in the certiorari proceeding, who was the appellee in the district court and the plaintiff in both the municipal and district courts, had already been required to pay a fee of five dollars when he filed his motion

for dismissal of the appeal. In order to accomplish his ob-ject, will he be required to pay the five dollars fixed for enter-ing the case on the calendar and setting the same for trial? Although this is really a hardship, we are of the opinion that no other conclusion can be reached.

Section 3 of the Act of 1908, regulating appeals from judg-ments of municipal courts in civil cases, provides that "the district court shall place the cause on the calendar of civil actions to be heard in due course according to the provisions of law and judicial rules controlling such calendar." We have seen that a later act—No. 17 of 1915—provides that in order that a civil case may be entered on the calendar and set for trial in a district court a fee of five dollars must be paid. Therefore, in order to carry out the provisions of sec-tion 3 of the Act of 1908 it is first necessary to comply with the requirements of the schedule of fees contained in the Act of 1915.

Who should pay the fee required for entering the case on the calendar and setting the same for trial? The act is silent as to this, but it has been the practice for the party soliciting the entry and setting of the case to pay the fee.

Now, how can a civil case originating in a municipal court be decided after it has been filed in a district court and the latter has acquired jurisdiction of the parties? The deci-sion of this court in the case of *Gelabert Hermanos* v. *Cór-dova,* 17 P. R. R. 1153, will be found very enlightening on this point.

After making a literal transcription of section 3 of the Act of 1908, this court, by Mr. Chief Justice Hernández, ex-pressed itself as follows:

"As may be seen, in order to review and consider on the motion of appellant any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved the law requires his appearance, whether he is the plaintiff or the defendant, and such questions having been determined, or after the complaint or the answer is amended, should such amendment be permitted, the case on appeal must be prosecuted *de novo.*

"The said act provides expressly that if the plaintiff fails to appear before the district court the complaint shall be dismissed and a judgment rendered in favor of the defendant, and said provision, considering the general terms thereof, includes the plaintiff whether he is the appellant or the appellee.

"Nothing is provided expressly by the act for a case like the one at bar where the appellant is the defendant and has failed to appear before the District Court of San Juan. But inasmuch as said act provides that all provisions and judicial regulations affecting the hearing of original suits brought before the district court shall govern, it is reasonable to conclude that the same as should be done in original suits when the defendant fails to appear at the trial is what should be done when the defendant, whether he is the appellant or appellee, does not appear at the trial in cases of appeal.

"In suits tried originally in the district courts, once the complaint is answered, the case is tried on the appearance of the plaintiff only, there being no necessity for the defendant to appear, and it is incumbent upon the plaintiff to prove the facts constituting his action. The defendant may abstain from introducing evidence and accept the result of that of the plaintiff. This being so and applying these precepts of procedure to this case, the District Court of San Juan, before which the plaintiff and respondent appeared, should have held a new trial, the non-appearance of the appellant and defendant being no legal bar thereto and even less to a decision that the appeal was abandoned.

"The judgment of the municipal court having been appealed from to the district court, the appeal having been perfected and a day set for the hearing of the new trial in the appellate court, the judgment of the municipal court loses all force and effect by operation of law. It could not be reversed, modified or affirmed inasmuch as the new trial must be terminated by a new judgment. The mere dismissal of the appeal could not leave in effect a judgment which already had lost its legal force.

"In cases tried *de novo* in the district courts by virtue of an appeal taken from judgments rendered by municipal courts there is, properly, neither appellant nor appellee but only plaintiff and defendant, and, therefore, it is of no avail to invoke as applicable those provisions which regulate appeals to be decided upon the same merits which served as a basis for the judgment appealed from."

Applying the foregoing doctrine, it must be concluded that the only means by which the petitioner can prosecute

his action to a conclusion in the district court is by paying the proper fee so that the case may be entered on the calendar and set for trial, at which he must again prove his claim, whether the defendant-appellant appear or not. If he prove his case and be allowed costs, he may then recover them from the defeated party, namely, the defendant-appellant.

In view of the foregoing, we must hold that as the district court committed no error in refusing to dismiss the appeal, the writ of certiorari must be discharged and the original records returned for further proceedings not inconsistent with this opinion.

.                                         *Petition denied.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.